IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SUSAN SIEGEL, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED UNDER 29 USC 216(B),
    *Plaintiff*,

    v.

CVS HEALTH CORPORATION,

    *Defendant*.

Civil Action No. 5:15-cv-871

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Susan Siegel, individually and on behalf of all others similarly situated, files this Original Complaint and in support shows the Court the following:

### I. SUMMARY

1. CVS has violated and continues to violate the Fair Labor Standards Act ("FLSA") by failing to pay overtime to Plaintiff Susan Siegel and thousands of telephone-dedicated employees overtime for work they perform before their assigned shifts at call centers throughout the country. CVS staffs its call centers with telephone-dedicated agents who make and receive calls from CVS' pharmaceutical benefit clients. Susan Siegel and CVS' thousands of telephone-dedicated call center workers provide the backbone to the services CVS provides to its clients. CVS has rewarded these essential employees by failing to pay them for necessary pre-shift work activities necessary to take CVS client calls. CVS has instituted this systematically underpays these employees despite earning millions if not billions of dollars in earnings based on their hard work. CVS' failure to pay for this unrecorded and routine work activity adds up to thousands of dollars per year in unpaid wages and overtime wages for each of these employees. Susan Siegel, represented by her son Jack Siegel, brings this suit to make sure this practice ends here and now.

## II. PARTIES

1. Plaintiff Susan Siegel is an individual residing in Bexar County, Texas. Her consent to join this case is attached as Exhibit A.

2. The Plaintiff and "Class Members" are CVS' telephone-dedicated employees who make and receive calls from CVS Clients in CVS call centers throughout the country, including call centers in San Antonio, Texas, Chandler and Phoenix, Arizona, Lee's Summit, Missouri, Monroeville and Pittsburgh, Pennsylvania, Fairfield, New Jersey, Lincoln and Cumberland, Rhode Island, Buffalo Grove and Mount Prospect, Illinois, Nashville and Knoxville, Tennessee, Solon, Ohio and other locations throughout the country.

3. Defendant CVS Health Corporation is a Delaware Corporation that has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

2. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

3. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

4. At all times hereinafter mentioned, Defendant has been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL FLSA ALLEGATIONS

8. Defendant has business operations in Texas and elsewhere and its annual gross volume of sales, made or business done exceeds and exceeded $500,000.00 per year during the relevant time period.

9. Plaintiff Susan Siegel ("Plaintiff") worked as a telephone-dedicated employee for Defendant within the last three years.

10. CVS employs telephone-dedicated employees, including Plaintiff, to interface with CVS customers and potential customers. These telephone-dedicated employees work in call centers call centers in San Antonio, Texas, Chandler and Phoenix, Arizona, Lee's Summit, Missouri, Monroeville and Pittsburgh, Pennsylvania, Fairfield, New Jersey, Lincoln and Cumberland, Rhode Island, Buffalo Grove and Mount Prospect, Illinois, Nashville and

Knoxville, Tennessee, Solon, Ohio and other locations throughout the country. Susan Siegel and her fellow telephone-dedicated employees act as the backbone of the services provided by CVS to its clients.

11. Susan Siegel and the Class Members are expected to arrive at work early in order to be ready to answer phones at the beginning of their assigned phone shift times. Each day, prior to beginning their duties, the telephone-dedicated employees are required to prepare for their day's work by, among other things: Powering up the necessary electronic equipment, booting up a variety of computer programs, logging into the necessary programs, initializing and accessing customer interfaces, initializing and accessing portal systems, starting up and connecting to CVS-specified systems to assist customers, and checking relevant alerts and/or emails. Susan Siegel and the telephone-dedicated employees are required to perform this work in order to be prepared and able to service the caller at the moment the Plaintiff log onto their phone systems to take calls. The work performed prior to Plaintiff's time working on the phones was/is substantial and for the significant benefit of Defendant, necessary to the business of Defendant, and was conducted in the normal course of Defendant's business.

12. The additional time Plaintiffs and the Class Members spend doing preparatory activities is significant and compensable because these duties are principal activities or are an integral and indispensible part of the employees' principal duties. However, CVS does not pay for these additional work duties. Instead, CVS fails to record and pay for the time spent performing these compensable work duties. Because Plaintiff and the Class Memebrs regularly work 40 hours (or more) per workweek, the unrecorded and unpaid time should be paid at time-and-a-half of each employee's regular rate of pay in accordance with the FLSA. CVS' failure to pay for this compensable work is a willful violation of the FLSA.

13. Susan Siegel was a full-time, nonexempt, telephone-dedicated CVS employee

from approximately March 1996 to approximately August 2014. During that time period, she worked for CVS in two Call Centers it operated in San Antonio, Texas. Ms. Siegel was required, as part of her job, to perform various tasks prior to signing on to the phone system and "clocking in." These activities are principal activities or are integral and indispensible to Plaintiff's principal activities. Plaintiff, and the other similarly situated Class Members, are not paid according to the time they actually perform work for Defendant, but rather are paid based on the time they are logged into the phone system (and clocked in) and responding to calls. Defendant is aware of the time employees spend working before and after their assigned phone shift times.

14. While working as telephone-dedicated employees, Ms. Siegel was paid an hourly rate but was not paid for the actual time they spent doing compensable pre-shift duties, including overtime work. She worked more than 40 hours a week performing work duties for CVS, thus requiring the uncompensated pre-shift time to be paid at overtime rates. Ms. Siegel performs the same or similar additional work duties as those performed by other telephone-dedicated employees working at CVS.

15. As a non-exempt employee, Ms. Siegel was entitled to be paid at their regular rate for each hour worked and were entitled to be paid time-and-a-half for all hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a) & 207(a). Accordingly, CVS' practice of failing to pay Plaintiff for the pre-shift work is a clear violation of the FLSA.

16. No exemption excused CVS from paying Plaintiff and the Class Members at their regular rate for all hours worked or at overtime rates for hours worked over 40 per workweek. Nor has CVS made a good faith effort to comply with the FLSA. Rather, CVS knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation and the payment of minimum wages to Plaintiff and the Class Members.

## VII. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff incorporates paragraphs 13-16 as if stated fully herein.

18. Plaintiff and the Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs in that the Potential Plaintiffs were other hourly employees made calls to and/or received calls from customers and potential CVS customers who worked at CVS call centers over the past three years. Plaintiffs and Potential Plaintiffs were subjected to the same pay provisions in that they were paid under the same pay plan that failed to pay them overtime pay for their pre-shift work. Accordingly, the Potential Plaintiffs were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiffs in terms of job duties and pay provisions.

19. Plaintiff Susan Siegel and the Class Members performed the same or similar telephone-dedicated duties before their shifts. Moreover, these nonexempt employees regularly worked more than 40 hours in a workweek. Accordingly, the employees victimized by CVS' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

20. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Potential Plaintiffs. Plaintiffs' experience is typical of the experience of the Potential Plaintiffs. All Potential Plaintiffs, regardless of their precise job requirements or rates of pay, are entitled to overtime pay for hours worked in excess of 40 hours a week, including specifically one-and-one half times their regular rate for pre-shift work. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Potential Plaintiffs.

21. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiffs and the Potential Plaintiffs.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

23. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_/s/ *Jack Siegel*_____
**JACK SIEGEL**
*Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 (P)
(844) LOW-WAGE (F)(TF)
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**